Opinion by
Mr. Chief Justice Moore.
James R. Copeland, hereinafter referred to by name or as plaintiff, brought an action against Emma Baldauf, to whom we will refer by name or as the defendant, in which he sought to recover damages resulting from an automobile accident allegedly caused by the negligence of defendant. The accident occurred on U. S. Highway 87 between Denver and Colorado Springs on July 2, 1£6±.
The defendant denied negligence on her part and alleged that the accident was caused by the sole or contributory negligence of the plaintiff, or by the negligence of a third person not a party to the action. Trial was to a jury which returned a verdict for the defendant upon which judgment was entered.
U. S. Highway 87 at the place where the accident occurred is a four-lane highway. The plaintiff and the defendant were traveling south on the highway on the proper two-lane area west of the median strip. Plaintiff’s evidence tended to prove that he was traveling in a line of traffic in a lawful manner as to speed and car position when someone suddenly cut in front of him from the passing lane and abruptly s’owed down. The plaintiff asserted that the action of the driver of that car forced him into an emergency situation in which he was required instantly to make a choice of either ramming into the car from the rear or quickly turning into the left side passing lane. He swerved left into the passing lane only to find that the defendant was immediately ahead of him in that lane and had stopped or nearly stopped her car, thereby causing the plaintiff to drive into the rear of her automobile.
The evidence offered by defendant sharply contradicted that offered by the plaintiff. Her evidence, and the testimony of a passenger in her car, was that she had not stopped in the passing lane, and further, that *21 she was at all times traveling at a rate of forty-five to fifty-five miles an hour prior to being struck by plaintiff’s car.
Counsel for plaintiff asked the court to instruct the jury that the defendant was guilty of negligence as a matter of law, and to limit the issues for consideration of the jury to “contributory negligence” and “proximate causation.” He stated in this connection:
“* * * I would emphasize at this time that, in my judgment, the motion must be limited to matters of law on the question of negligence and could not preclude the jury’s entitlement to consider proximate causation and contributory negligence and other allied matters; that it is not in effect a request for a directed verdict on liability.”
This motion was denied and the jury was fully instructed upon the law which was applicable to the issues framed by the pleadings.
The plaintiff, notwithstanding the statement above quoted, objected to the giving of an instruction on contributory negligence on the ground that, “There is no evidence of contributory negligence on the part of the plaintiff.” It is sufficient to say that under the record it would have been error for the trial court to have failed to submit the case to the determination of the jury on all issues made by the pleadings.
There was ample support in the evidence for the verdict returned by the jury. Plaintiff’s contention, in substance, is that the jury believed the wrong witnesses or drew inferences from the evidence which should not have been drawn. His position is that this court should now determine, as a matter of law, that the evidence apparently accepted as more credible and the inferences drawn therefrom were of no effect and that there was a failure on the part of the defendant to make any defense for consideration by the jury. We know of no authority for such a proposition. The jury resolved the issue of *22 defendant’s negligence and plaintiff’s contributory negligence on disputed evidence under proper instructions. The judgment is affirmed.
Mr. Justice Pringle, Mr. Justice. Hodges and Mr. Justice Kelley concur.